LAURA A. GILBERT v. SWEN NELSON AND NELLIE NELSON.

No. 111.

1. PROMISSORY NOTE — "*I hereby assign and transfer*," etc., *not commercial indorsement, and assignee takes, subject to equities.* A contract, indorsed upon the back of a promissory note, as follows: " For value received, I hereby assign and transfer the within bond and coupons thereto annexed, with all my interest in and rights under the mortgage securing the same, to Laura A. Gilbert, without recourse," and signed by the payee, is not a commercial indorsement; and the note and mortgage in the hands of the assignee is a chose in action, subject to the same defenses that it would have been in an action by the payee.

2. ——— *payment, without knowledge of assignment, of non-negotiable, to original payee good defense.* Payment at maturity by the maker of a non-negotiable note and mortgage, to the payee therein named, without any knowledge of an assignment thereof, is a good defense to an action thereon by the assignee.

Error from Phillips District Court. Hon. A. C. T. Geiger, Judge. Opinion filed March 20, 1897. *Affirmed.*

This was an action upon a promissory note and to foreclose the mortgage given to secure it, brought by the plaintiff in error, as plaintiff below, against the defendants in error. In the body of the note appears the following clause :

"And if default be made in the payment of any interest note or any portion thereof, after the same becomes due and payable, then said principal note shall, at the option of the legal holder thereof, become at once due and payable without further notice, and be collectible as stipulated in the mortgage to secure this note."

The payee named in the note, one James H. Tallman, assigned it to the plaintiff in the following language :

" For value received, I hereby assign and transfer

the within bond and coupons thereto annexed, with all my interest in and rights under the mortgage securing the same, to Laura A. Gilbert, without recourse.          JAMES H. TALLMAN.''

As a defense to the action the defendants pleaded that Tallman was but the agent of Moore & Co., of Hartford, ·Conn., who were the real owners of the note ; that the Nebraska and Kansas Farm Loan Company was the agent of Moore & Co. to collect the interest and principal on the note ; that, without knowing of the assignment of the note to the plaintiff, they had, in good faith, paid the interest and principal to Moore & Co., through their agent, the loan company.

To this answer the plaintiff filed in reply a general denial, which was verified by James McNeny, attorney for the plaintiff, before Bernard McNeny, a notary public of Webster County, Nebraska. This affidavit of verification states that the affiant is the attorney of the plaintiff in the case, that the plaintiff is a nonresident of, and absent from, the State of Nebraska, that the affiant has read the reply, and that the statements and allegations therein contained are true, as he verily believes.

The case was tried to the court and jury and a general verdict returned in favor of the defendants. The plaintiff's motion for a new trial was overruled and a decree entered for the defendants, adjudging the cancellation and release of record of the note and mortgage and giving the defendants judgment for costs. The plaintiff excepted and brings the case here for review.

It is undisputed that the defendants made the loan represented by this note and mortgage through the Nebraska and Kansas Farm Loan Company, and that at the request of that company paid both interest and

530      Gilbert v. Nelson.

N. Dept.      Opinion.   Mahan, P. J.      5 Kan. App.

principal to it as they became due. The loan company transmitted each installment of interest, except the last, to Moore & Co., who paid the money to the plaintiff's general agent. The principal and last interest payment were not transmitted to Moore & Co. by the loan company, but were deposited in a local bank and lost in the failure of such bank. · It is also undisputed that the defendants had no notice or knowledge, at any time before payment, of the assignment of the note to the plaintiff.

*R. F. Stinson*, and *James McNeny*, for plaintiff in error.

*C. A. Lewis*, for defendants in error.

Mahan, P. J. This case was tried in the court below by both parties upon the theory that the note in question was negotiable paper and therefore governed by the laws relating to negotiable instruments, and the jury was so instructed. This was error. See the preceding case of *Warren v. Gruwell*.

The evidence is very clear and conclusive that the Nebraska company was the agent of the payee, Tallman, and of his firm, Moore & Co., with authority from them to receive this money and forward it to Moore & Co., all of which they did. And it appearing that the payment to the loan company by the defendants in error was made promptly at maturity, without any notice of the plaintiff's rights in the premises, in absolute good faith, upon the request of the loan company, and the money having been sent by that company to Moore & Co., the real owners of the note at the time it was made, the payment in law was a complete satisfaction of the debt and mortgage. *Warren v. Gruwell*, supra. So that it becomes immaterial whether the evidence was sufficient to

establish the fact of the agency of either Moore & Co. to receive payment for the plaintiff, or of the loan company to receive payment for the plaintiff. It was this misconception of the character of the paper in the hands of the plaintiff, that forms the ground for the plaintiff's first contention.

The second contention is likewise based upon this misconception of the character of the note in the hands of the plaintiff in error. The only complaint regarding the instructions given by the court is, that they did not correctly state the law with regard to agency as applied to commercial paper in the hands of an innocent indorsee for value. In view of the fact that the decision of the case does not involve any question of commercial paper in the hands of an indorsee, or the law of agency with respect to such paper, these instructions become immaterial. While it is possible that they do not, in every respect, state the law correctly, as abstract propositions, yet such erroneous declaration of the law could not in any manner prejudice the rights of the plaintiff in error. Some reference is made in the brief of counsel for the plaintiff in error to the refusal of the court to give certain instructions asked for by the plaintiff, but as this is in no manner assigned as error we do not deem it necessary to consider it. It is sufficient to say that all the instructions asked by the plaintiff, which were refused by the court, were likewise based upon the proposition that this paper was commercial paper, negotiable in the hands of the plaintiff in error — expressly assuming that to be the fact. Hence, there was no error in refusing them.

Upon the undisputed evidence in the case, to the effect that the defendants in error paid this note and mortgage to the loan company without any knowledge

of the plaintiff's claim with respect thereto, and that the loan company was the conceded agent of Moore & Co., the real payee of the note, and expressly authorized by said company to collect the same, the jury could have reached no other conclusion than the one they did reach in their general verdict.

There is a serious question whether the verification is sufficient under the statute to put the burden of proof of agency upon the defendants in the case, but inasmuch as we find that it is not necessary to determine this question in order to decide the case we will express no opinion on it. The judgment must be affirmed.